E-FILED
Friday, 05 October, 2007  11:16:37 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM NICKELL, SHANNON | ) | |
| T. McAULEY, LAWRENCE | ) | |
| HEMMERLE, and SCOTT TERRY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  07-3143 |
| | ) | |
| ALBERTSON'S, INC., JEWEL | ) | |
| FOOD STORES, INC., and | ) | |
| AMERICAN DRUG STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Motion to Remand (d/e 3) filed by Plaintiffs William Nickell, Shannon T. McAuley, Lawrence Hemmerle, and Scott Terry.  The Plaintiffs alleged that the Defendants breached oral contracts with the Plaintiffs by failing to make promised severance payments.  Defendant Albertson's, Inc. (Albertson's), removed the case to this Court on the grounds that the Plaintiffs' claims are actually federal claims, under the Employee Retirement Income Security Act of 1974 (ERISA), for benefits under Albertson's ERISA qualified employee welfare

1

plan.  Notice of Removal (d/e 1), at 2-3; 28 U.S.C. § 1441(b); 29 U.S.C. §§ 1132(a) and 1144(a).  The Plaintiffs argue that they are suing under state law for breach of individual oral contracts, not for benefits under any plan, and therefore, removal was improper.  For the reasons set forth below, the Motion to Remand is ALLOWED.

STATEMENT OF FACTS

On March 14, 2007, the Plaintiffs filed a four-count Complaint against Albertson's and Defendants Jewel Food Stores, Inc. (Jewel), and American Drug Stores, Inc. (American Drug).  Notice of Removal (d/e 1), Exhibit B, Complaint.  Each Count related to a different Plaintiff.  Each Plaintiff alleged a substantially similar claim.  Each Plaintiff alleged that he worked for either Jewel or American Drug in a store located in Springfield, Illinois.  On or about July 20, 2006, Defendants' agents informed each Plaintiff that the stores owned by Jewel and American Drug were being sold to Albertson's and that the employees at these stores would be laid off on or about September 18, 2006.  Complaint, Counts I-IV, ¶ 5.

Each Plaintiff alleged that the agents of the Defendants asked each Plaintiff to stay and work at the respective store until the store closed.  In exchange, the agents of the Defendants offered each Plaintiff a severance

payment equal to one week's gross compensation multiplied by the number of years that each Plaintiff had been employed by Defendants, plus a payment of six months of the premium for health insurance available to employees after the date of termination pursuant to the Consolidated Omnibus Reconciliation Act of 1986 (COBRA).  Id., Counts I-IV, ¶ 6; 29 U.S.C. §§ 1161-69.  Each Plaintiff alleged that he stayed in the Defendants' employ until closing, as agreed, but that Defendants failed to pay the promised severance.  Id., Counts I-IV, ¶¶ 7-9.  Each asked for judgment in the amount of the promised severance compensation, ranging from $36,936.01 to $8,750.44, depending on each Plaintiff's alleged length of service.

Plaintiffs served Albertson's and Jewel with the Complaint on May 7, 2007.  Albertson's then removed the action to this Court on June 4, 2007. Notice of Removal, at 1.  Albertson's stated in the Notice of Removal that this Court has removal jurisdiction because the Plaintiffs' claims were claims for benefits under Albertson's ERISA qualified severance welfare benefit plan.  Id., at 3.  Albertson's attached a copy of the Plan to the Notice of Removal.  Id., Exhibit A, Albertsons Severance Plan for Hourly and Salaried Store and Distribution Center Associates, Amended and Restated Effective

June 1, 2005 (Plan).  The first paragraph of Section 1 of the Plan states, in

part:

> The purpose of the [Plan] is to provide severance pay and
> benefits to certain Associates of the Company who are located
> at the facilities identified on Exhibit A hereto, as amended from
> time to time, and whose employment is involuntarily terminated
> prior to the date as set forth on Exhibit A, where such
> employment termination is due to a job restructuring, reduction
> in force or job elimination and not due to any other reason,
> including but not limited to unsatisfactory performance or
> voluntary termination by the Associate.

Plan, § 1.  The attached Exhibit A is a list of affected facilities.  Plan, at 10-

13.  Exhibit A is four pages long, and lists numerous facilities, but does not

list any store or other facility in Springfield, Illinois.  Id.  The latest

termination date for any facility listed in Exhibit A is October 20, 2005, for

a store identified as #4241 in Shreveport, Louisiana.  Plan, at 11.

The second paragraph of Section 1 states, in part:

> The Plan is intended to be an "employee welfare benefit
> plan" as that term is defined in Section 3(1) of the Employee
> Retirement Income Security Act of 1974, as amended.
> Severance benefits for eligible associates shall be determined
> exclusively under this Plan unless a separate agreement has been
> or is reached.  All of the corporate policies and practices
> regarding severance, or similar payments upon employment
> termination, with respect to associates eligible to participate
> herein are hereby superseded by this Plan.

Plan, § 1.  The Plan called for paying the same amount of severance benefits

4

alleged by the Plaintiffs in the Complaint (<u>i.e.</u>, one week's pay for each year of service, plus six months COBRA health insurance premiums), but the Plan attached additional conditions to receipt of the severance payment. Notably, the Plan required each participant to execute a release, releasing any possible claims against Albertson's or any affiliated entity.  <u>Plan</u>, § 3.4.

Plaintiffs now ask this Court to remand the case to state court.  They argue that the Complaint alleged that Albertson's and the other Defendants entered into individual contracts with each Plaintiff to pay severance benefits, and the Defendants breached each of those individual contracts. Albertson's responds that the severance packages were offered pursuant to the Plan.  Thus, according to Albertson's, the Plaintiffs are seeking benefits under an ERISA qualified plan.

<u>ANALYSIS</u>

Normally, the Court looks to the allegations in the complaint to determine whether federal claims are alleged.  <u>Jass v. Prudential Health Care Plan, Inc.</u>, 88 F.3d 1482, 1486 (7th Cir. 1996).  The face of the Complaint does not show that the Court has removal jurisdiction.  The Plaintiffs allege

state-law, breach of contract claims.[1]  Albertson's, however, asserts that this Court has removal jurisdiction because the Plaintiffs assert federal claims for benefits under an ERISA qualified plan.  Notice of Removal, at 2; 28 U.S.C. §§ 1441(a)and (b); 29 U.S.C. § 1132(f).

In enacting ERISA, Congress completely preempted the remedies for individuals seeking benefits under ERISA qualified plans.  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987).  The preemption is so complete that such plaintiffs cannot seek any alternative remedy under state law.  The only available remedies are those under ERISA.  Id.  Thus, the Court must look beyond the face of the complaint to the substance of the claim.  If a plaintiff's allegations of common law tort or contract remedies are actually efforts to secure benefits under an ERISA qualified plan, then the claims are deemed to be claims under ERISA § 502(a), subject to removal to this Court.  Jass, 88 F.3d at 1487; 29 U.S.C. § 1132(a). Albertson's has the burden to prove that removal jurisdiction exists.  Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005).

---

[1]The Court also does not have removal jurisdiction based on diversity  because American Drug is an Illinois corporation doing business in Illinois, and all the Plaintiffs are Illinois residents.  Complaint, Counts I-IV, ¶ 1, and Count IV, ¶ 4.  Also, the amount sought by each Plaintiff is less than the jurisdictional amount for diversity jurisdiction. 28 U.S.C. §§ 1332 & 1441(b).  Albertson's does not assert that the Court has diversity jurisdiction.

Albertson's has failed to show that the Plaintiffs are seeking benefits under the Plan. As quoted above, the Plan provided, "severance pay and benefits to certain Associates of the Company who are located at the facilities identified on Exhibit A hereto, as amended from time to time, and whose employment is involuntarily terminated prior to the date as set forth on Exhibit A, . . . ." Plan, § 1. The Plaintiffs did not work at any of the facilities listed on Exhibit A, and Exhibit A did not include any store in Springfield, Illinois. Furthermore, the Plaintiffs alleged that their employment was terminated on or about September 18, 2006. The latest termination date for any facility listed on Exhibit A, to which the Plan applies, was October 20, 2005, eleven months earlier. On its face, the Plaintiffs were not included in the "certain Associates" entitled to receive benefits under the Plan. The evidence presented, therefore, fails to establish that the Plaintiffs were covered by the Plan. Because Albertson's has failed to show that the Plaintiffs were so covered, the evidence fails to show that the Plaintiffs are seeking benefits under an ERISA qualified Plan.[2] The

---

[2]The Plaintiffs also dispute whether they were seeking benefits under the Plan, even if the Plan was amended to include the September 2006, store closures in Springfield. The Court does not address this issue since Albertson's has presented no evidence of any such amendment to the Plan.

Court, thus, must look to the allegations in the Complaint to determine removal jurisdiction. Those allegations do not show that removal jurisdiction exists.

Albertson's notes that the Plan supercedes other corporate severance policies and practices. The Plan, however, only supercedes severance policies and practices, "with respect to associates eligible to participate," in the Plan. <u>Plan</u>, § 1. Albertson's has not shown that the Plaintiffs were eligible to participate in the Plan. Thus, the allegations in the Complaint and the evidence presented to the Court show that the Plaintiffs allegedly were promised severance payments pursuant to agreements not covered by the Plan, and so, not subject to ERISA.[3]

THEREFORE, Plaintiffs' Motion to Remand (d/e 3) is ALLOWED. This case is remanded to the Illinois Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois. All pending motions are moot before this Court. This case is closed before this Court.

IT IS THEREFORE SO ORDERED.

---

[3]Some severance agreements, evidently, were not covered by the Plan. The Plan applied to, "eligible associates . . . unless a separate agreement has been or is reached." <u>Plan</u>, § 1.

8

ENTER:   October 5, 2007

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE